# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
March 31, 2023
Lyle W. Cayce
Clerk

No. 22-20372
Summary Calendar

---

Bret Bynum,

    *Plaintiff—Appellant*,

*versus*

Ingram Barge Company; Marquette Transportation Company, LLC,

    *Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-3346

---

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

    Appellant Bret Bynum brought an action in October 2021 seeking an award for salvaging two barges that broke free from their moorings in August

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-20372

2017. The district court dismissed the action as barred by 46 U.S.C. § 80107's two-year limitations period. Bynum timely appealed.

This court reviews de novo a district court's decision to dismiss an action for failure to state a claim. *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 318 (5th Cir. 2009). "A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." *Taylor v. Bailey Tool Mfg.*, 744 F.3d 944, 946 (5th Cir. 2014).

Bynum's sole argument on appeal is that he brought an "admiralty action for salvage," which is distinct from a "civil action for salvage." His claim is therefore not subject to Section 80107's limitations period because that provision only applies to civil actions.

This argument confuses *jurisdiction* with *action*. Admiralty is a type of jurisdiction. *See, e.g.*, U.S. CONST. Art. III, § 2 (extending federal judicial power "to all Cases of admiralty and maritime Jurisdiction"). In contrast, there is only "one form of action—the civil action." FED. R. CIV. P. 2. Congress has thus provided federal district courts original jurisdiction over any "civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333(1); *see also Nolan v. Boeing Co.*, 919 F.2d 1058, 1066 (5th Cir. 1990) ("In federal practice, the terms 'case' and 'action' refer to the same thing, *i.e.*, the entirety of a civil proceeding."). This case is therefore properly characterized as a civil action in admiralty jurisdiction.

Section 80107(c) of Title 46 applies to all "civil action[s] to recover remuneration for giving aid or salvage services." Its applicability does not depend on the type of jurisdiction invoked by the litigant.[1] Bynum's civil

---

[1] *See* 8 David J. Bederman, BENEDICT ON ADMIRALTY § 13.08 (2022); *accord Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Dann Ocean Towing, Inc.*, 756 F.3d 314, 318 (4th

No. 22-20372

action to recover a salvage award thus falls squarely within the statute's bounds. It therefore must have been "brought within 2 years after the date the aid or salvage services were given." 46 U.S.C. § 80107(c).

It is undisputed that Bynum did not bring this action to recover remuneration for salvage services within two years of performing those services. His claim is consequently time-barred.

* * *

For the foregoing reasons, the district court's judgment is AFFIRMED.

---

Cir. 2014) (indicating Section 80107(c)'s limitations period applies to maritime salvage actions).