Case No. 22-20372

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Bret Bynum,

Plaintiff – Appellant

v.

Ingram Barge Company; Marquette Transportation Company, LLC

Defendants – Appellees

_____

On Appeal From
United States District Court for the Southern District of Texas
Civil Action No. 4:21-CV-03346

_____

## BRIEF OF DEFENDANTS – APPELLEES, INGRAM BARGE COMPANY LLC AND MARQUETTE TRANSPORTATION COMPANY, LLC

_____

Michael A. Golemi, Esq.
Jody M. Schisel-Meslin, Esq.
Jonas S. Patzwall, Esq.
Liskow & Lewis
1001 Fannin Street, Suite 1800
Houston, TX 77002
Telephone: (713) 651-2900
Fax: (713) 651-2908
Email: magolemi@liskow.com
Email: jmschisel-meslin@liskow.com
Email: jspatzwall@liskow.com

Attorneys for Defendant – Appellee,
Ingram Barge Company LLC

Bobby R. Miller, Jr., Esq.
Miller Hahn, PLLC
2660 West Park Drive, Suite 2
Paducah, KY 42001
Telephone: (270) 554-0051
Fax: (866) 578-2230
Email: bmiller@millerlaw-firm.com

Allan C. Crane, Esq.
Miller Hahn, PLLC
365 Canal Street, Suite 860
New Orleans, LA 70130
Telephone: (504) 684-5044
Fax: (866) 578-2230
Email: acrane@millerlaw-firm.com

Attorneys for Defendant – Appellee,
Marquette Transportation Company,
LLC

Case No. 22-20372

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

Bret Bynum,

Plaintiff – Appellant

v.

Ingram Barge Company; Marquette Transportation Company, LLC
Defendants – Appellees

_____

On Appeal From
United States District Court for the Southern District of Texas
Civil Action No. 4:21-CV-3346

_____

## CERTIFICATE OF INTERESTED PERSONS
_____

The undersigned counsel of record certify that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Plaintiff - Appellant: | Counsel for Plaintiff-Appellant: |
|---|---|
| Bret Bynum | Harry Morse and Martin Bohman of Bohman Morse, L.L.C., New Orleans, LA |
| **Defendants - Appellees:** | **Counsel for Defendants-Appellees:** |
| Ingram Barge Company | Michael A. Golemi, Jody M. Schisel-Meslin, and Jonas S. Patzwall of Liskow & Lewis, Houston, TX |
| Marquette Transportation Company, LLC | Bobby R. Miller, Jr. of Miller Hahn, PLLC, Paducah, KY and Allan C. Crane of Miller Hahn, PLLC, New Orleans, LA |

*/s/ Michael A. Golemi*

Attorney of record for Defendant –
Appellee, Ingram Barge Company

**STATEMENT REGARDING ORAL ARGUMENT**

Because the district court's dismissal of this action as time-barred properly applied unambiguous statutory language to the undisputed facts of this case, Appellees do not believe oral argument is necessary.

# TABLE OF CONTENTS

Contents..................................................................................................Page(s)

CERTIFICATE OF INTERESTED PERSONS ....................................................... ii

STATEMENT REGARDING ORAL ARGUMENT ...............................................iv

TABLE OF CONTENTS.............................................................................v

TABLE OF AUTHORITIES ......................................................................vi

JURISDICTIONAL STATEMENT ................................................................1

STATEMENT OF ISSUES PRESENTED...........................................................1

STATEMENT OF THE CASE......................................................................1

SUMMARY OF THE ARGUMENT ...............................................................2

STANDARD OF REVIEW .........................................................................3

ARGUMENT ........................................................................................4

CONCLUSION ....................................................................................10

CERTIFICATE OF SERVICE ....................................................................11

CERTIFICATE OF COMPLIANCE...............................................................12

# TABLE OF AUTHORITIES

**Cases**                                                                                                  **Page(s)**

*Alamia v. Chevron Transp. Corp.*, 660 F. Supp. 1123 (S.D. Miss. 1987) ...............5

*Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Dann Ocean Towing, Inc.*, 756 F.3d 314 (4th Cir. 2014) ............................................................................6

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ...........3

*Baum v. U.S.*, 427 F.2d 215 (5th Cir. 1970) ...........................................................5

*Crescent Towing Salvage Co., Inc. v. M/V CHIOS BEAUTY*, cv-05-4207, 2008 WL 11353738 (E.D. La. July 7, 2008) ...........................................................................7

*Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333 (5th Cir. 2008) ............................3

*Jones v. Alcoa, Inc.*, 339 F.3d 359 (5th Cir. 2003) ..................................................4

*Kansa Reinsurance v. Congressional Mortg. Corp.*, 20 F.3d 1362 (5th Cir. 1994)  4

*NPR Invs., L.L.C. ex rel. Roach v. U.S.*, 740 F.3d 998 (5th Cir. 2014) ...................8

*People of the Living God v. Star Towing Co.*, 289 F. Supp. 635 (E.D. La. 1968) ...9

*Stambaugh v. Maritrans, Inc.*, No. 706-cv-149-FL, 2007 WL 2002607 (E.D.N.C. July 5, 2007) .........................................................................................................8

*The Catherine E. Orr*, 49 F.2d 652 (S.D.N.Y. 1931) ..............................................9

*Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608 (6th Cir. 2013) .........................7

**Statutes and Treatises**

28 U.S.C. § 1291 ..............................................................................................1

28 U.S.C. § 1333 ...........................................................................................1, 5

46 U.S.C. § 30905 .........................................................................................6, 9

46 U.S.C. § 80107 ........................................................................................ 1-10

Fed. R. Civ. P. 12(b)(6) ...............................................................................2, 3, 4

**Other Authorities**

*H.R. Rep. No.* 109-170 (2005) .................................................................................9

## JURISDICTIONAL STATEMENT

This is an appeal by Appellant, Bret Bynum ("Bynum"), the plaintiff in this civil case. The district court had jurisdiction pursuant to 28 U.S.C. § 1333 as a case sounding in admiralty. The district court entered an order of dismissal in favor of defendants, Ingram Barge Company LLC ("Ingram") and Marquette Transportation Company, LLC ("Marquette"), on June 21, 2022. ROA.82-85. Bynum timely filed his notice of appeal on July 22, 2022. ROA.86. This Court has jurisdiction under 28 U.S.C. § 1291 as the district court's ruling was a final adjudication of the entire suit.

## STATEMENT OF ISSUES PRESENTED

Did the district court correctly conclude that Bynum's civil action in admiralty to recover a salvage award, brought more than four years after the relevant events, is time-barred by the two-year statute of limitations contained in 46 U.S.C. § 80107?

## STATEMENT OF THE CASE

On or about August 27, 2017, multiple barges moored in Kirby Inland Marine, LP's ("Kirby") Greens Bayou fleet near Houston, Texas broke free from their moorings during Hurricane Harvey and traveled downstream, with some of the barges making their way into the Houston Ship Channel, including barge IN164453, owned by Ingram, and barge MTC 225B, owned by Marquette. ROA.58.

Kirby utilized several tow boats, including the M/V KENNY BILLIOT (the "Vessel"), to maintain the fleet. ROA.58. At the time of the breakaway, Bynum asserts that he was serving as the Master of the Vessel. ROA.5. Bynum further

asserts that he and the crew of the Vessel responded to the breakaway and recaptured and moored the IN164453 and the MTC 225B as instructed by the United States Coast Guard. ROA.7.

A separate suit regarding the subject breakaway involving Kirby and several other parties, but not Bynum, was commenced in the United States District Court for the Southern District of Texas in 2018. ROA.58. However, it was not until October 2021, more than four years after the breakaway, that Bynum filed a civil lawsuit under the court's admiralty jurisdiction against Ingram and Marquette seeking an award for salvage in an amount no less than 45% of the value of the barges and their cargo at the time of the breakaway. ROA.5.

Because Bynum's lawsuit was filed well after the two-year time limit contained in 46 U.S.C. § 80107 for bringing a salvage action, Ingram and Marquette moved to dismiss Bynum's claims pursuant to FED. R. CIV. P. 12(b)(6). ROA.57. Finding that Bynum produced no law to suggest that the term "civil action" in 46 U.S.C. § 80107 is meant to distinguish a claim brought in admiralty, the district court granted the motion and dismissed Bynum's suit as untimely. ROA.82.

## SUMMARY OF THE ARGUMENT

By the clear and unambiguous language of 46 U.S.C. § 80107, Bynum's civil suit was untimely. Bynum incorrectly posits that because he has asserted a civil action in admiralty, the statute does not apply. The statute makes no distinction of

2

the kind, and Bynum cites no authority that interprets the statute as he does. To the contrary, all courts that have addressed the timeliness of a lawsuit to recover for salvage services performed have either directly held or acknowledged that the statute applies to all civil actions for salvage, including those brought in admiralty.

If there is any ambiguity in the statute on this issue, the legislative history shows that the terms "civil action" and "admiralty jurisdiction" are not mutually exclusive, and the changes made to the statute in 2006 evidence no intent on the part of Congress to affect the drastic change for which Bynum advocates – exempting salvage claims in admiralty from the way claims for salvage have always been treated under Section 80107, as subject to the two-year limitation contained in in the statute. As such, Bynum's suit was untimely by more than two years, and the district court's dismissal of his suit should be affirmed.

## STANDARD OF REVIEW

The grant of a motion to dismiss under Rule 12(b)(6) is reviewed *de novo*, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quotation omitted). A complaint survives a motion to dismiss only if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

A statute of limitations defense may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to set forth or raise some basis for tolling the statute. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *see also Kansa Reinsurance v. Congressional Mortg. Corp.*, 20 F.3d 1362, 1366-70 (5th Cir. 1994) (dismissing plaintiff's claim under Rule 12(b)(6) as time-barred where claim was filed after applicable statute of limitations had run).

## ARGUMENT

### A. Every court to address this issue has held that the two-year statute of limitations applies.

The Salvage Act of 1912, codified at 46 U.S.C. § 80107, governs claims for salvage and the compensation available to parties by whose voluntary assistance maritime property at risk or in distress is saved from impending sea peril. Pursuant to § 80107(c):

> A civil action to recover remuneration for giving aid or salvage services must be brought within 2 years after the date the aid or salvage services were given, unless the court in which the action is brought is satisfied that during that 2-year period there had not been a reasonable opportunity to seize the aided or salvaged vessel within the jurisdiction of the court or within the territorial waters of the country of the plaintiff's residence or principal place of business.

Bynum does not dispute that he failed to meet this two-year deadline to file his action. Brief of Plaintiff-Appellant Bret Bynum, Doc. No. 516465990, p. 5. Instead, he asserts that because he has invoked the court's admiralty jurisdiction, the

statute does not apply. *Id.* This is a clear misunderstanding of both the statute and the impact of invoking the court's admiralty jurisdiction. Appellees do not dispute that Bynum invoked the district court's admiralty jurisdiction, but doing so does not remove his claim from the ambit of the two-year statute of limitations contained in 46 U.S.C. § 80107.

Bynum's Complaint was filed pursuant to 28 U.S.C. § 1333. ROA.5. Section 1333 provides in relevant part that:

> The district courts shall have original jurisdiction, exclusive of the courts of the State, of:
>
> (1) *Any civil case* of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

(Emphasis added). By the clear and unambiguous language of 28 U.S.C. § 1333, an action brought in admiralty is a civil case, as this and other courts have long recognized. *See, e.g.*, *Baum v. U.S.*, 427 F.2d 215, 215-16 (5th Cir. 1970) ("This is a civil action in admiralty jurisdiction brought under the Suits in Admiralty Act, as amended, 46 U.S.C. § 741 *et. seq.*, and the Public Vessels Act, as amended, 46 U.S.C. § 781 *et. seq.*"); *Alamia v. Chevron Transp. Corp.*, 660 F. Supp. 1123, 1124 (S.D. Miss. 1987) ("This is a civil action for damages under the Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and Art. III § 2 U.S. Const.").

Plainly, the concepts of admiralty jurisdiction and the assertion of a civil action are not mutually exclusive. In addition, invoking admiralty jurisdiction does

not trigger laches where there is a specific statute that governs the limitations period, as is evident in other areas of admiralty law. For example, 46 U.S.C. § 30905, which governs the time period for asserting an action under the Suits in Admiralty Act, provides that:

> "*[a] civil action* under this chapter must be brought within 2 years after the cause of action arose."

(Emphasis added). Unquestionably, an action under the Suits in Admiralty Act invokes the court's admiralty jurisdiction and yet is subject to a specific statutory time bar rather than laches. Similarly, invoking admiralty jurisdiction does not remove Bynum's salvage suit from the applicability of 46 U.S.C. § 80107, which applies to a "civil action" to recover for giving salvage services, exactly what Bynum filed.

Perhaps most telling, Bynum cites no authority that supports his interpretation of the statute. Rather, he is left to argue general distinctions between admiralty jurisdiction and civil jurisdiction. However, none of the cases on which Bynum relies for this general proposition address the limitations period that applies to a salvage claim. In fact, all courts that have addressed the current version of 46 U.S.C. § 80107 have either applied the statute to actions for salvage or acknowledged such applicability, whether the claim was brought in admiralty or not. For example, in *American Steamship Owners Mutual Protection & Indemnity Ass'n, Inc. v. Dann Ocean Towing, Inc.*, 756 F.3d 314, 318 (4th Cir. 2014), the court specifically

6

addressed the issue of whether § 80107's statutory time bar or laches applies to salvage claims:

> In assessing the timeliness of a maritime claim, the doctrine of laches typically applies rather than any fixed statute of limitations. However, _there are many examples of exceptions to this general rule_, such as statutory provisions that impose time-bars on . . . _maritime salvage actions_, see 46 U.S.C. § 80107(c).

_Id._ at 318 (emphasis added).

The Fourth Circuit is not alone in this view. In _Williamson v. Recovery Ltd. P'ship_, 731 F.3d 608, 622 (6th Cir. 2013), the Sixth Circuit was called upon to determine whether the limitation provision contained in § 80107(c) applied to a contractual action among salvors and found that although it did not apply to a contractual claim, it does apply "to the group of salvors to whom the entirety of the statute speaks—pure salvors." _Id_. at 624. By his own admission, Bynum's claim is one of pure salvage to which the _Williamson_ court held § 80107(c) applies. Brief of Plaintiff-Appellant Bret Bynum, Doc. No. 516465990, p. 8.

While Bynum takes issue with the applicability of _Crescent Towing Salvage Co., Inc. v. M/V CHIOS BEAUTY_, cv-05-4207, 2008 WL 11353738 (E.D. La. July 7, 2008), arguing that the salvage at issue in that case took place before the change in statutory language, the _Crescent Towing_ court clearly relied on the current version of the statute in finding the statute applicable:

> Except under circumstances not pertinent here, a claim for giving aid or salvage services must be brought within two years after the date the

7

> aid or salvage services were rendered. 46 U.S.C. § 730, repealed and
> recodified by Pub. Law 109–304, § 19, October 6, 2006, 120 Stat. 1710,
> presently codified as 46 U.S.C. § 80107(c).

*Id*. at *1. Although Bynum similarly tries to minimize the impact of the holding in

*Stambaugh v. Maritrans, Inc.*, No. 706-cv-149-FL, 2007 WL 2002607 (E.D.N.C.

July 5, 2007), the *Stambaugh* court could not have been clearer and more on point

when it stated:

> The court notes that in salvage actions arising under admiralty law,
> plaintiffs have two years in which to bring an action. *See* 46 U.S.C.
> § 80107(c).

*Id*. at *7. Just as in each of the foregoing cases, the two-year statute of limitations

contained in 46 U.S.C. § 80107(c) applies to Bynum's pure salvage claim, making

his suit, filed more than four years after the relevant events, untimely.

## B. Legislative history confirms that Congress did not intend to change the applicable statute of limitations.

Even if the Court were to find that 46 U.S.C. § 80107 is ambiguous as to

whether it applies to a civil action brought in admiralty, which Appellees deny, the

Court may look to the legislative history for guidance. *See NPR Invs., L.L.C. ex rel.

Roach v. U.S.*, 740 F.3d 998, 1007 (5th Cir. 2014). Here, the legislative history,

particularly around the 2006 change in statutory language, makes clear that Congress

did not intend to make the drastic change for which Bynum advocates. As he

correctly notes, the prior version of the statute contained the word "suit" instead of

"civil action," but courts regularly applied the two-year limitation in the statute to

all suits for salvage, including those brought under the court's admiralty jurisdiction. *See People of the Living God v. Star Towing Co.*, 289 F. Supp. 635, 638 (E.D. La. 1968); *The Catherine E. Orr*, 49 F.2d 652 (S.D.N.Y. 1931).The change in language took place in connection with the codification of Title 46, United States Code, "Shipping", as positive law. *See H.R. Rep. No.* 109-170, at *1 (2005). In the House Report discussing the codification, the rationale for the changes to § 80107 was described as follows:

> In subsection (c), the words "civil action" are substituted for "suit", the words "must be brought within two years after" are substituted for "shall not be maintainable if brought later than two years from", and the word "seize" is substituted for "arresting", <u>for consistency in the revised title</u>.

*Id*. at *173 (emphasis added).

As the House Report makes clear, there was no intent to remove salvage claims brought under the Court's admiralty jurisdiction from the purview of 46 U.S.C. § 80107 with this change in language. Instead, the changes were simply made for consistency throughout Revised Title 46. For example, the statute governing the time bar for assertion of actions under the Suits in Admiralty Act also uses the term "civil action." 46 U.S.C. § 30905. What the legislative history shows is that Congress did not intend to remove salvage claims brought in admiralty from the two-year statutory time bar that had previously been in place for such claims. That statute of limitations – two years – continues to apply to civil actions to recover for salvage

9

services, including those brought in admiralty. Accordingly, the suit filed by Bynum more than two years after the limitation period expired was untimely.

## CONCLUSION

The district court's judgment dismissing Bynum's civil action in admiralty to recover for salvage services as untimely pursuant to 46 U.S.C. § 80107 should be affirmed.

Respectfully submitted,

<table>
<tr>
<td>

/s/  Michael A. Golemi
Michael A. Golemi, Esq.
Jody M. Schisel-Meslin, Esq.
Jonas S. Patzwall, Esq.
Liskow & Lewis
1001 Fannin Street, Suite 1800
Houston, TX 77002
Telephone: (713) 651-2900
Fax: (713) 651-2908
Email: magolemi@liskow.com
Email: jmschisel-meslin@liskow.com
Email: jspatzwall@liskow.com

Attorneys for Defendant – Appellee,
Ingram Barge Company LLC

</td>
<td>

/s/Bobby R. Miller (by permission JSM)
Bobby R. Miller, Jr., Esq.
Miller Hahn, PLLC
2660 West Park Drive, Suite 2
Paducah, KY 42001
Telephone: (270) 554-0051
Fax: (866) 578-2230
Email: bmiller@millerlaw-firm.com

Allan C. Crane, Esq.
Miller Hahn, PLLC
365 Canal Street, Suite 860
New Orleans, LA 70130
Telephone: (504) 684-5044
Fax: (866) 578-2230
Email: acrane@millerlaw-firm.com

Attorneys for Defendant – Appellee,
Marquette Transportation Company,
LLC

</td>
</tr>
</table>

## CERTIFICATE OF SERVICE

I certify that on the 10th day of October, 2022, the foregoing document was

served, via the Court's CM/ECF Document Filing System, upon all counsel.

*/s/  Michael A. Golemi*
Michael A. Golemi

Attorney for Defendant – Appellee,
Ingram Barge Company

## CERTIFICATE OF COMPLIANCE

This Brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because this brief contains 3,268 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f) and 5th Cir. R. 32.1.

This Brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this Brief has been prepared in a proportionally spaced typeface using Microsoft Word for Windows, version 10 in 14-point, Times New Roman.

*/s/  Michael A. Golemi*
Michael A. Golemi

Attorney for Defendant – Appellee,
Ingram Barge Company